UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LONDON

CIVIL ACTION NO. 06-CV-551-KKC

JAMES D. SCOTT                                                                                          PETITIONER

v.        **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                                              RESPONDENTS

Before the Court is the "Motion to Reconsider Order of Dismissal" [Record No. 15] filed by counsel for James D. Scott, the petitioner.[1] The United States has filed its Response to the motion for reconsideration [*see* Record No. 16].

PROCEDURAL HISTORY
1. Petitioner's Filings

The Court will not restate in detail the relevant facts, as they were fully set forth in the Memorandum Opinion and Order ("the Opinion and Order") entered in this action on March 16, 2007 [Record No. 12]. Summarized, the Bureau of Prisons ("BOP") notified the petitioner that he would not be transferred into a Residential Re-entry Center ("RRC") until June 1, 2007.[2] According to the BOP, the petitioner's current projected good conduct time release date is July 1, 2007. Hence, the petitioner's June 1, 2007 date of placement in the RCC is just one month

---

[1] The petitioner is confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester").

[2] RCC's were previously referred to as Community Corrections Centers. RCC's are also known as "halfway houses." Federal prisoners are typically released into an RCC as part of their transition back into society. BOP Program Statement 7310.04.

prior to his projected date of release.

On December 22, 2007, the petitioner filed the instant §2241 petition.[3] [Record No. 2, p. 1]. On February 7, 2007, and March 8, 2007 the petitioner filed motions seeking a preliminary injunction [Record Nos. 4 and 10]. The petitioner asked the Court to enter an order requiring the BOP to consider placing him in an RCC for the remainder of his sentence.

In both motions, the petitioner challenged the current BOP policy set forth in 28 C. F.R. §570.20-21. This regulation restricts CCC placement of federal inmates to the lesser of six months or the final ten percent of a sentence. The petitioner argued that the BOP's policy since 2002, as codified in the regulation, is invalid and in direct contravention to the Congressional mandate directing the BOP to determine the placement of inmates.

## 2. Opinion and Order

On March 16, 2007, the Court entered the Opinion and Order dismissing with prejudice the instant §2241 petition.[4] First, the Court discussed the relevant case law and concluded that the BOP's current policy regarding placement in RCC's was not unconstitutional [*see* Opinion and Order, Record No. 12, pp. 10-13].

---

[3] The petitioner sought the following relief:

"Petitioner moves this Court to require the Federal Bureau of Prisons ("BOP") and the Warden of the Federal Correctional Institute at Manchester, where Petitioner currently resides, to consider his placement in a community corrections center ("CCC") for the final six months of his incarceration. The BOP has previously determined that Petitioner shall be transferred to a CCC for only 36 days, the maximum time Respondents contend he is eligible under the current BOP policy and regulations restricting CCC placement to the lesser of six months or the final ten percent of a sentence. Petitioner submits this policy and regulations are invalid and in direct contravention to the Congressional mandate directed to the BOP to determine placement of inmates."

[4] The Court entered Judgment in favor of the BOP and the other named respondent, Jeff Grondolsky, the Warden of FCI-Manchester [Record No. 13, as amended at Record No. 14].

2

Second, the Court further noted that nothing in the language of 18 U.S.C. §3624(c) requires or mandates the BOP to place any federal prisoner in a CCC for a full six months prior to their 10% date. The language merely *authorizes* the BOP to allow CCC placement up to six months [*Id.*, p. 10].

Third, the Court cited numerous cases for the proposition that inmates do not enjoy a liberty interest in any particular security or custody status [*Id.*, pp. 13-15]. The Court concluded after lengthy analysis that no such liberty interest existed under either the Fifth or Eighth Amendments of the United States Constitution [*Id.*].

Fourth and finally, the Court determined that a preliminary injunction was not warranted because the petitioner could not establish any likelihood of success on the merits [*Id.*, pp. 14-16]. The Court concluded that based on the sworn Declaration of BOP employee Janisse Bishop, the BOP had demonstrated that the petitioner's RCC placement date was the product of: (1) its evaluation of the petitioner's specific community readjustment needs and (2) assessment of those specific needs under the various criteria, set forth in 18 U.S.C. §3621(b), for establishing an RCC placement date [Record No. 12, pp. 7-9].

### 3. Motion for Reconsideration

In his current motion, filed by counsel, the petitioner states that he recognizes "that he is not entitled to a specific period of time in an RCC. What he is entitled to, and what Petitioner seeks here, is an order requiring Respondents to consider, in good faith, placing Petitioner in an RCC for an appropriate period of time, without being unlawfully constrained by the 2002 policy change of the BOP contained in the OLC memorandum or the 2005 BOP administrative

regulations codified at 28 C. F.R. § 570.20-21." [Motion, Record No. 15, pp. 1-2]

The petitioner strenuously contends that the Court should have afforded little or no credence to the affidavit filed by FCI-Manchester Unit Manager Janisse Bishop [Record No. 8-2]. Petitioner maintains that because Bishop is an employee of the BOP and of the Justice Department, she would be compelled to "secretly" follow the BOP's 10% Policy without question or hesitation, or else face the threat of being disciplined or terminated from her job [Record No. 15, p. 2]. Petitioner claims that because of that unspoken pressure, Bishop would necessarily place all inmates under her authority in an RCC for an amount of time equivalent to only the last 10 percent of their sentences [*Id.*].

The petitioner strenuously disputes Bishop's conclusion that the petitioner would benefit from only a one-month placement in an RCC. He claims that Bishop's assessment of his needs under the criteria §3624(c) was "self serving and not credible." [*Id.*] The petitioner theorizes that given the opportunity to conduct discovery, he could prove that prior to the 10% rule in 2002, "inmates in Scott's position regularly received more than 10% in a CCC." [*Id.*]

The petitioner further asserts that placement in the Warren County Regional Jail would enable him to supervise and see his son. Petitioner states that his son suffered a massive closed head injury and is extremely close and reliant on his father for support. Petitioner argues that such contact would facilitate his readjustment back into the community.

### 4. BOP's Response to Motion

Citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), the BOP notes that a habeas petitioner is not entitled to discovery as a matter of ordinary course. The BOP argues that the

record establishes that the petitioner's placement in an RCC was based upon consideration of the readjustment factors set forth in 18 U.S.C. §3621(b) and Program Statement 7310.04 - - namely, family ties, job prospects, and length of sentence.

Finally, the BOP notes that the sentencing court previously rejected the petitioner's request for home confinement or probation. The BOP disputes that a longer term in an RCC is not justified, notwithstanding the fact that the petitioner's son has medical issues.

## DISCUSSION

The petitioner has styled his motion as one seeking reconsideration. Broadly construed, the request would fall under Fed. R. Civ. P. Rule 59(e). Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Here, the petitioner has not met the threshold requirement under Rule 59(e). BOP employee Bishop stated in her Declaration which criteria were utilized under §3621(b), as to how the petitioner's term in the RCC was calculated. One of the most significant considerations was the fact that the petitioner received a relatively short prison term, which requires fewer transitional needs and a reduced term in an RCC.

The petitioner's sweeping, conclusory allegations of bad faith on the part of Janisse Bishop do not justify reconsideration of the Opinion and Order. While the petitioner obviously disagrees with the BOP's decision, the Court cannot conclude that Bishop's Declaration is self-serving and lacks credibility. As the Court noted in the Opinion and Order, a shorter prison term necessarily results in the corresponding need for a shorter term in an RCC.

The Court agrees that the physical condition of the petitioner's son evokes sympathy. The BOP correctly notes, however, that during the recent sentencing process, the sentencing court had an opportunity to decide whether a prison term, home incarceration, or probation were warranted. The trial court rejected the more lenient options. Under the applicable legal considerations here, the Court will not order a different result concerning a date for placement in an RCC earlier than June 1, 2007.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the petitioner's "Motion to Reconsider Order of Dismissal" [Record No. 15] is **DENIED**.

Dated this 1st day of May, 2007.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge